IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOAN ASBURY and RUSSELL ASBURY,

       Plaintiffs,

vs.                                No.

MNT, INC. and DEAN SATEREN,

       Defendants.

**COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY**
**(JURY TRIAL DEMANDED)**

For their complaint against defendants, plaintiffs make the following averments:

       1.      Plaintiffs bring this action seeking damages for personal injury caused by a heavy truck crash on February 3, 2010 in Torrance County, New Mexico.

**PARTIES AND JURISDICTION**

       2.      Plaintiffs Joan Asbury and Russell Asbury are citizens and residents of the State of New Mexico.

       3.      Russell Asbury is married to and at all material time, has been the husband of Joan Asbury.

       4.      Upon information and belief, defendant MNT, Inc. is a Kansas corporation incorporated under the laws of the State of Kansas with its principal place of business in Topeka, Kansas.

       5.      Upon information and belief, defendant Dean Sateren is a citizen and resident of the State of Kansas.

6. There is complete diversity of citizenship between the plaintiffs and the defendants.

7. At all material times, MNT, Inc. was a motor carrier that engaged in the business of interstate transportation of material and goods through the State of New Mexico. As such, MNT, Inc. engaged in the transaction of business within the State of New Mexico.

8. The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. § 1332. Jurisdiction over the parties is appropriate pursuant to 28 U.S.C. § 1332 and venue is proper in this Court.

## FACTS OF OCCURENCE

9. Upon information and belief, defendant Dean Sateren was, at all material times, a resident of Kansas and an employee and/or agent and/or statutory agent of defendant MNT, Inc. and was acting within the course and scope of such employment, agency and/or statutory agency.

10. On February 3, 2010, defendant Dean Sateren was driving a tractor trailer owned or operated by defendant MNT, Inc. eastbound on Interstate 40 in Torrance County, New Mexico, approximately .5 miles east of mile marker 215.

11. At the time of the crash, Interstate 40 near mile marker 215 was snow covered and icy.

12. The tractor trailer driven by defendant Sateren was a commercial motor vehicle.

13. For reasons unknown to Plaintiffs, but which are alleged to have been negligent or negligent *per se*, or both, defendant Sateren drove that tractor trailer at a high rate of speed on a curve up to a vehicle driven by the plaintiff eastbound on Interstate 40.

14. Defendant Sateren drove his tractor trailer close to plaintiff's vehicle at a high rate of speed, causing plaintiff to lose control of her vehicle.

15. Defendant Sateren crashed his tractor trailer into the driver side door of plaintiff's sedan.

16. At the time of the crash, the weather and road conditions on Interstate 40 within a mile in either direction of mile marker 215 were hazardous.

17. Plaintiff Joan Asbury suffered serious injuries in the collision.

## COUNT 1

## NEGLIGENCE

18. Plaintiff hereby realleges and incorporates herein the allegations set forth in the foregoing paragraphs.

19. Defendants owed a duty of care to operate their vehicles in a safe manner and in compliance with all statutes, rules and regulations governing the operation of vehicles, including tractor trailers, upon New Mexico and interstate roadways.

20. Defendants had a duty to operate the tractor trailer at a speed that was safe under the road conditions.

21. Defendants had a duty to drive a safe distance from other vehicles on the road.

22. Defendants had a duty to use extreme caution in the operation of their tractor trailer under hazardous road conditions.

23. Defendants breached their duty of care by operating their vehicles in a manner that was negligent or negligent *per se*, or both prior to the collision involving the vehicle occupied by Plaintiffs' vehicle, including but not limited to:

   a. Driving too fast for the conditions;

   b. Following too closely;

   c. Failure to exercise due care;

   d. Failure to operate the vehicle in a safe and reasonable manner;

   e. Failure to use extreme caution under adverse road conditions.

24. The negligence of defendants caused plaintiff Joan Asbury to lose control of her vehicle and caused defendants to crash their tractor-trailer into plaintiff's vehicle.

25. As a direct, proximate, and foreseeable result of the negligence of the defendants, plaintiff Joan Asbury sustained physical injuries, and has sustained, and will in the future endure, pain, suffering, emotional distress, and reduced enjoyment of life and the curtailment of her social and physical activities, and her ability to interact socially; and she has incurred the reasonable expense and will in the future incur further reasonable expense of necessary medical treatment.

26. As a direct, proximate and foreseeable result of the negligence of the defendants, plaintiff Russell Asbury has suffered the emotional distress due to the loss of or interference with the society, companionship, and sexual relations resulting from the injury to his wife, Joan Asbury, and for the loss of services. Those losses will continue into the future.

27. The negligence of defendants was a proximate cause of plaintiffs' injuries and damages.

28. Defendant Dean Sateren is liable for his own negligence. Defendant MNT, Inc. is liable for the negligent conduct of its driver, Dean Sateren, by operation of common law and by operation of Federal Motor Carrier Statutes and Regulations and for its own negligence.

## COUNT II

### SAFETY VIOLATIONS, NEGLIGENT OPERATIONS AND AIDING AND ABETTING

29. Plaintiff hereby realleges and incorporates herein the allegations set forth in the foregoing paragraphs.

30. Defendant MNT, Inc. was an owner/operator of the tractor and trailer involved in the collision described in this complaint.

31. Defendants had non-delegable duties to maintain and operate the vehicle involved in the collision in conformance with applicable safety rules, including Federal Motor Carrier Safety Act ("FMCSA") regulations and in such a way as to not harm the public.

32. Defendant MNT, Inc. had a duty to make sure its drivers, including defendant Sateren, were qualified to operate safely its tractor trailers in such a way as to not harm the public.

33. Defendant MNT, Inc. had a duty to train its drivers, including defendant Sateren, to operate safely its tractor trailers in such a way as to not harm the public.

34. Defendant MNT, Inc. had a duty to supervise its drivers, including defendant Sateren, to make sure its tractor trailers are operated in such a way as to not harm the public.

35. Defendant MNT, Inc. had a duty to require defendant Sateren to comply with federal safety rules.

36. Defendants each had a duty to comply with all of the applicable safety rules, including FMCSA regulations pertaining to the hiring of drivers, operation of trucks, maintenance of trucks, and other activities on interstate highways.

37. Defendants either singly or acting in concert violated some or all of the duties alleged above.

38. Upon information and belief, defendant Sateren aided and abetted defendant MNT, Inc. in violating some or all of the duties alleged above.

39. Upon information and belief, defendant MNT, Inc. aided and abetted defendant Sateren in violating some or all of the duties alleged above.

40. The violations of their duties by defendants MNT, Inc. and Dean Sateren were negligent and were negligent *per se.*

41. The negligence and negligence *per se* of defendants were a proximate cause of the accident described in this complaint and the damages to plaintiffs.

42. The negligence and negligence *per se* of defendants involved the operation of a motor vehicle upon the highways of this state, the transaction of business within this state and the commission of tortious acts that concluded and caused damage in this state.

43. As a direct, proximate, and foreseeable result of the negligence of the defendants, plaintiff Joan Asbury sustained physical injuries, and has sustained, and will

in the future endure, pain, suffering, emotional distress, and reduced enjoyment of life and the curtailment of her social and physical activities, and her ability to interact socially; and she has incurred the reasonable expense and will in the future incur further reasonable expense of necessary medical treatment.

44. As a direct, proximate and foreseeable result of the negligence of the defendants, plaintiff Russell Asbury has suffered the emotional distress due to the loss of and interference with the society, companionship and sexual relations resulting from the injury to his wife, Joan Asbury, and for the loss of services. Those losses will continue into the future.

WHEREFORE, plaintiffs pray for the following relief:

A. For judgment in their favor and against the defendants in amounts to be proved at trial, together with prejudgment interest and costs; and

B. For such other and further relief that the Court deems just and proper.

C. Trial by jury is respectfully requested.

Respectfully submitted,

**BARBER & BORG, LLC**


By __/s/ Paul D. Barber_____
    Paul D. Barber
    PO Box 30745
    Albuquerque, NM  87190
    (505) 884-0004
    Attorneys for Plaintiffs

**JARNER LAW OFFICE**

By /s/ Mark D. Jarner
 Mark D. Jarner
 235 Main Street
 Los Lunas, NM  87031
 (505) 865-1200
 Attorney for Plaintiffs