IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOAN ASBURY and RUSSELL ASBURY,

    Plaintiffs,

vs.                                          Civ. No. 12-252 KG/RHS

MNT, INC. and DEAN SATEREN,

    Defendants.

ORDER BIFURCATING TRIAL

This matter comes before the Court on Plaintiffs' Rule 42(b) Motion to Bifurcate Proceedings. (Doc. 45). Fed. R. Civ. P. 42(b) allows a court to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize…." Plaintiffs move to bifurcate the trial into liability and damages phases. Plaintiffs explain that bifurcated proceedings would give Defendants extra time to adequately prepare for a damages phase and that bifurcated proceedings "might lead to judicial economy by encouraging resolution of the damage issues without trial." (Doc. 45) at ¶¶ 7 and 8. "Defendants agree that a determination of liability may be all that is needed to cause a settlement and avoid the substantial costs of a trial on damages." (Doc. 54) at 2. Defendants further "agree that bifurcation in this case would meet the policies and considerations of Rule 42, Fed. R. Civ. P." *Id*. Having reviewed both Plaintiffs' Rule 42(b) Motion to Bifurcate Proceedings and Defendants' response, the Court concludes that bifurcation of the trial into liability and damages phases advances "the interests of judicial expedition and economy" and that "'the issues are clearly separable.'" *Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) (quoting *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d

957, 964 (10th Cir. 1993) (citation omitted)).  Bifurcation is, therefore, appropriate under Rule 42(b).

    IT IS ORDERED that

        1.  Plaintiffs' Rule 42(b) Motion to Bifurcate Proceedings. (Doc. 45) is granted; and

        2.  the trial will be bifurcated into liability and damages phases.

_____
UNITED STATES DISTRICT JUDGE