IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOAN ASBURY and RUSSELL ASBURY,

    Plaintiffs,

vs.                                                    Civ. No. 12-252 KG/RHS

MNT, INC. and DEAN SATEREN,

    Defendants.

MEMORANDUM OPINION AND ORDER

On January 24, 2013, Plaintiffs filed Plaintiffs' Motion in Limine with respect to nine categories of evidence. (Doc. 44). Plaintiffs have since narrowed the number of those categories to five. *See* (Doc. 60) at ¶ 1. Defendant filed an opposition to the Motion in Limine and Plaintiffs filed a reply. (Docs. 55 and 60). Having reviewed the Motion in Limine, Defendants' opposition to the Motion in Limine, and Plaintiffs' reply, the Court denies the Motion in Limine for the following reasons.

A. Background

    *1. The Complaint to Recover Damages for Personal Injury (Jury Trial Demanded) (Doc. 1)*

This is a personal injury case based on federal diversity jurisdiction. This case arises from a vehicular accident involving a tractor trailer driven by Defendant Dean Sateren and owned by Defendant MNT, Inc. Plaintiffs contend that Defendant Sateren caused Plaintiff Joan Asbury to lose control of her sedan and that he crashed the tractor trailer into the sedan. Plaintiffs allege that Plaintiff Joan Asbury suffered serious injuries as a result of the collision.

Plaintiffs are suing Defendants for negligence; negligence *per se*; and for safety violations, negligent operations, and aiding and abetting. Plaintiff Joan Asbury seeks past and

future medical expenses as well as damages for "pain, suffering, emotional distress, and reduced enjoyment of life and the curtailment of her social and physical activities, and her ability to interact socially…." (Doc. 1) at ¶¶ 25, 43.  Plaintiff Russell Asbury, Plaintiff Joan Asbury's husband, seeks present and future damages for "emotional distress due to the loss of or interference with the society, companionship, and sexual relations resulting from the injury to his wife, Joan Asbury, and for the loss of services." *Id.* at ¶¶ 26, 44.

    2. *Categories of Evidence at Issue in the Motion in Limine*

Plaintiffs seek to exclude the following five categories of evidence from the jury trial.

    1. "Any suggestion that the plaintiffs or any witness believes in or practices any particular religion…." *See* Fed. R. Evid. 402, 403, 404, and 610.  (Doc. 44) at 2.

    2. "The drinking habits, generally, of the plaintiffs or of any witness…." *See* Fed. R. Evid. 402, 403, 404, and 608.  (Doc. 44) at 2.

    3. "That the defendants may not be allowed to argue in closing arguments 'that the plaintiffs have asked for a greater amount of money than they actually expect to be awarded' or any similar argument…." *See* Fed. R. Evid. 402 and 403.  (Doc. 44) at 4.

    4. "Any evidence, suggestion or argument that the plaintiffs received Workers' Compensation, disability payments or income from other sources…." *See* Fed. R. Evid. 402 and 403.  (Doc. 44) at 5.

    5. "Defendant should not introduce evidence of plaintiffs' wealth or financial circumstances, including the purchase of a condominium in Florida [after the accident]…." *See* Fed. R. Evid. 402.  (Doc. 44) at 6.

*B. Discussion*

Courts have discretion in ruling on motions in limine.  *See Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1249 (10th Cir. 2013).  In ruling on a motion in limine, the Court must determine if the movant has met his or her burden of proving the inadmissibility of the evidence.  *See, e.g., Koch v. Koch Indus., Inc.,* 2 F.Supp.2d 1385, 1388 (D.Kan.1998).  To carry out that burden, "the movant should identify the particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground.  A court is well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity."  *United States v. Cline*, 188 F.Supp.2d 1287, 1292 (D. Kan. 2002).  "The purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*."  *Maggette v. BL Development Corp.*, 2011 WL 2134578 *4 (N.D. Miss.).  Although a motion in limine can be a useful tool in managing trials, "[t]he trial judge is almost always better situated during the actual trial to assess the value and utility of evidence.  For this reason, some courts defer making in limine rulings unless the 'evidence is clearly inadmissible on all potential grounds.'"  *Crawford v. United States*, 2013 WL 249360 *2 (N.D. Okla.) (slip op.) (quoting *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)).  *See also Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997) (court should exclude evidence before trial if it "clearly would be inadmissible for any purpose," otherwise court should defer ruling on evidentiary objection until trial "when the trial judge can better estimate its impact on the jury."); *Mason v. City of Chicago*, 631 F.Supp.2d 1052, 1055-56

(N.D. Ill. 2009) (same); *United States v. Ozsusamlar*, 428 F.Supp.2d 161,164 (S.D.N.Y. 2006) (same); *Cline*, 188 F.Supp.2d at 1291 ("The better practice is to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. Indeed, a court should refrain from the undue speculation inherent in making evidentiary rulings before hearing the factual context at trial.") (citations omitted).

    *1. Evidence of Religion and Drinking Habits*

Plaintiffs contend that evidence of religion is not relevant to this case; that if evidence of religion is relevant, it would be unfairly prejudicial to Plaintiffs; and that evidence of religion cannot be offered to attack the credibility of a witness. In addition, Plaintiffs argue that evidence of drinking habits is inadmissible because (1) it is not relevant; (2) if it is relevant, it would be unfairly prejudicial to Plaintiffs; (3) it cannot be used as evidence of a person's character or to show prior bad acts; (4) it cannot be used to show a propensity for untruthfulness; and (5) it cannot be used to attack the character of a witness. Defendants, however, observe that religion and drinking habits issues have not arisen in this litigation. Defendants also argue that Plaintiffs' requests to exclude evidence of religion and drinking habits lack the required specificity to support a motion in limine. Defendants further contend that without a factual context presented at trial it would be improper to exclude this evidence before trial. Defendants note that religion could be relevant to voir dire, Plaintiff Joan Asbury's medical treatment, or to witnesses' perceptions. Plaintiffs reply that because evidence of religion and drinking habits could be prejudicial to Plaintiffs, they suggest that "[t]he safer route would be to grant an Order *in Limine* prohibiting the introduction of such potentially toxic comments or evidence while allowing the defendanst [sic], at trial and outside the presence of the jury, to attempt to show justification for any exception to the order." (Doc. 60) at ¶ 2.

The broad requests to exclude evidence of religion and drinking habits, and Plaintiffs' general arguments in favor of excluding that evidence clearly lack the specificity needed for the Court to exclude any evidence of religion and drinking habits.  Furthermore, Plaintiffs have not successfully argued that this evidence is inadmissible on all potential grounds.  Plaintiffs, therefore, have not carried their burden of showing that the Court should exclude evidence of religion and drinking habits.  Hence, the Court will deny the Motion in Limine as to that evidence and defer ruling on the admissibility of evidence of religion and drinking habits until trial, should Defendants seek to introduce that evidence.

*2. Allowing Defendants to Argue in Closing Arguments that Plaintiffs Asked for More Money than They Actually Expect to be Awarded*

Plaintiffs argue that Defendants' possible comments in closing arguments that Plaintiffs asked for more money than they actually expect to be awarded would be purely speculative and not relevant. If those comments are relevant, Plaintiffs also argue that the comments would be unfairly prejudicial to Plaintiffs and would be offered solely "to discourage a jury from awarding full and fair compensation to plaintiffs." (Doc. 44) at 4.  Defendants argue, however, that those kinds of comments in closing arguments would be proper if Plaintiffs are indeed asking for more money than they expect to be awarded.  Moreover, Defendants correctly assert that "there is no reason to foreclose any part of Defendants' closing argument before trial and before Defendants or the Court even know what Plaintiffs' arguments and evidence will be."  (Doc. 55 at 6).  On the other hand, Plaintiffs have not convinced the Court that those comments in closing arguments would be inadmissible on all potential grounds.  Thus, Plaintiffs have failed to carry their burden of demonstrating that the Court should exclude those comments.  Consequently, the Court will deny the Motion in Limine with respect to those kinds of comments in closing arguments and will defer ruling on those comments until trial, if necessary.

*3. Evidence, Suggestion or Argument that Plaintiffs Received Worker's Compensation, Disability Payments, or Income from Other Sources*

Plaintiffs argue that evidence of income from collateral sources is not relevant and if it is relevant, that evidence would be unfairly prejudicial to Plaintiffs. New Mexico courts recognize what is known as the "collateral source" rule.[1] Under that rule, evidence of money payments from a source other than the tortfeasor is generally inadmissible so long as the source of the money is "'sufficiently collateral' or independent to assure an unwarranted double recovery has not occurred." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1341 (10th Cir. 1998). The rationale for the collateral source rule is that the tortfeasor "should not benefit from the injured party's reimbursement from another source, often insurance." *Id*.

Defendants correctly argue, however, that the collateral source rule only applies to evidence of payments and not to statements made in applications for disability insurance benefits. *See, e.g., Calhoun v. Ramsey*, 408 F.3d 375, 382 (7th Cir. 2005) (statements to Social Security Administration relevant to plaintiff's physical condition before and after events at jail); *Whitbeck v. Vital Signs, Inc.*, 159 F.3d 1369, 1372-73 (D.C. Cir. 1998) (information in application for disability insurance benefits relevant to ability to work with an accommodation and relevant to defendant's defense). Defendants contend that information in Plaintiff Joan Asbury's applications for disability insurance benefits could be relevant to the issue of damages by establishing causation of Plaintiff Joan Asbury's medical conditions. Consequently, Defendants argue that the Court should examine the information in Plaintiff Joan Asbury's applications for disability insurance benefits at trial where the Court can assess the factual

---

[1] In a federal diversity case, such as this one, the Court applies the state's collateral source rule to determine admissibility of evidence. *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998).

context of that information. Again, Plaintiffs reply that the Motion in Limine should be granted and then Defendants "can apply for exceptions if appropriate." (Doc. 60) at 2.

The Court concludes that information in Plaintiff Joan Asbury's applications for disability insurance benefits may contain relevant and admissible information. Accordingly, Plaintiffs have not shown that such information would be inadmissible on all potential grounds. Plaintiffs, therefore, have not carried their burden of showing that the Court should exclude information from Plaintiff Joan Asbury's applications for disability insurance benefits. The Court will, therefore, deny the Motion in Limine as to that information and defer ruling on the admissibility of information in Plaintiff Joan Asbury's applications for disability insurance benefits until trial. Moreover, the Court need not grant the Motion in Limine with respect to evidence of Plaintiffs' collateral sources of income. To do so, would just reiterate application of the collateral source rule.

*4. Evidence of Plaintiffs' Wealth and Financial Circumstances, Including the Purchase of a Condominium in Florida After the Accident*

Lastly, Plaintiffs argue that evidence of their wealth and financial circumstances, including their purchase of a Florida condominium after the accident, is not relevant to this case. On the other hand, Defendants correctly observe that Plaintiffs' use of the term "financial circumstances" is vague. Moreover, Defendants argue that evidence that Plaintiffs travel to the Florida condominium is relevant to Plaintiff Joan Asbury's allegation of pain when traveling. Defendants also note that Plaintiff Joan Asbury's ability to travel may be relevant to her ability to work. In addition, Defendants contend that Plaintiffs ability to buy a Florida condominium belies Plaintiff Joan Asbury's deposition testimony that she no longer had home care and acupuncture treatments because worker's compensation insurance stopped paying for those services. Furthermore, Defendants argue that Plaintiffs' travel to Florida would be relevant to

Plaintiffs' claims for hedonic damages, and Plaintiff Joan Asbury's claims about physical limitations. Finally, Defendants assert that Plaintiffs' travels to Florida, a humid state, would contradict Plaintiff Joan Asbury's statements that humidity adversely affects her asthma and that she actually installed refrigerated air conditioning in her home to better control the humidity and to reduce her asthma symptoms.

Plaintiffs reply that Defendants have not justified the admissibility of Plaintiffs' wealth. Plaintiffs also insist that Defendants cannot introduce into evidence the fact that Plaintiffs purchased a condominium. However, Plaintiffs seem to agree that Defendants can introduce into evidence facts related to Plaintiffs' travels to Florida to show the degree of Plaintiff Joan Asbury's injuries.

Clearly, evidence of Plaintiffs' "financial circumstances" is simply too vague to support a motion in limine. Contrary to Plaintiffs' assertion that Defendants did not justify the admissibility of Plaintiffs' wealth, Defendants did argue that wealth is relevant to Plaintiff Joan Asbury's reason for discontinuing home services and acupuncture treatments. Furthermore, the parties seem to agree that Plaintiffs' travel to the Florida condominium is relevant to demonstrate the extent of Plaintiff Joan Asbury's injuries. Consequently, Plaintiffs have not shown that evidence of their wealth, financial circumstances, and the purchase of the Florida condominium would be inadmissible on all potential grounds. Plaintiffs, therefore, have not carried their burden of convincing the Court that it should exclude that evidence. Hence, the Court will deny the Motion in Limine as to this last category of evidence, and will defer ruling on the admissibility of that evidence until trial.

IT IS ORDERED that:

1. the Motion in Limine (Doc. 44) is denied; and

2. if any of the evidentiary issues presented in the Motion in Limine are raised at trial, the Court will address those issues at that time.

_____
UNITED STATES DISTRICT JUDGE