IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOAN ASBURY and RUSSELL ASBURY,

    Plaintiffs,

vs.                                                                                                           Civ. No. 12-252 KG/RHS

MNT, INC. and DEAN SATEREN,

    Defendants.

MEMORANDUM OPINION AND ORDER

       On March 13, 2013, Defendants filed a Motion to Strike Affidavit of Rodger Allen with Plaintiffs' Response to Defendants' Motion to Exclude Rodger Allen (Motion to Strike). (Doc. 67). Plaintiffs filed a response and Defendants filed a reply. (Docs. 76 and 77). Having reviewed the Motion to Strike, Plaintiffs' response, and Defendants' reply, the Court grants, in part, the Motion to Strike for the following reasons.

*A. Background*

       This is a personal injury case based on federal diversity jurisdiction. This case arises from a vehicular accident involving a tractor trailer driven by Defendant Dean Sateren and owned by Defendant MNT, Inc. Plaintiffs contend that Defendant Sateren caused Plaintiff Joan Asbury to lose control of her sedan and that he crashed the tractor trailer into the sedan. Plaintiffs hired Rodger Allen to testify at trial as "a qualified expert on commercial motor vehicle and tractor trailer safety." (Doc. 61) at 1. As required by Fed. R. Civ. P. 26, Allen provided an expert report on October 22, 2012. *See* (Doc. 46-1). On January 24, 2013, Defendants filed a Motion to Exclude Rodger Allen (Motion to Exclude). (Doc. 46). On February 25, 2013, Plaintiffs filed a response to Defendants' Motion to Exclude and attached an

affidavit by Allen in support of the response. (Docs. 67 and 67-1).[1] Allen's affidavit includes two subsections: (1) "Educational Background and Training and Qualifications" and (2) "Facts and Comments on Defendants' Motion." (Doc. 67-1). The background section consists of four paragraphs that set out Allen's experience and education. *Id.* at ¶¶ 4-7. The facts and comments section consists of thirty-four paragraphs and primarily provide Allen's opinions regarding issues raised in Defendants' Motion to Exclude. *Id.* at ¶¶ 8-41.

In their Motion to Strike, Defendants request that the Court strike Allen's affidavit because it constitutes an untimely supplementation of Allen's Rule 26 expert report. Alternatively, Defendants request the Court to strike portions of the affidavit because (1) Allen's critique of Defendants' motion is entirely irrelevant and improper; (2) Allen is not qualified to testify to matters set forth in his affidavit; (3) Allen's affidavit contains opinions supported by nothing but his own beliefs or statements; and (4) Allen's affidavit contains improper speculation.

Plaintiffs respond by arguing that Allen's affidavit does not supplement Allen's Rule 26 expert report but rather the affidavit "simply attacks a multiplicity of erroneous statements made by the defendants and correlates the bases stated in the report with the opinions he had expressed." (Doc. 76) at 3. Plaintiffs clarify that they do not intend to offer Allen's affidavit as evidence at trial.

B. Discussion

   *1. Whether Allen's affidavit supplements Allen's expert report*

Defendants first argue that Allen's affidavit untimely supplements Allen's Rule 26 expert report. A party has a duty to supplement any incorrect or incomplete information that was

---

[1] Allen did not sign (Doc. 67-1), his affidavit. Rather, Plaintiff provides a separate attachment containing Allen's notarized signature of his affidavit. *See* (Doc. 67-2).

provided in an expert's Rule 26 expert report or deposition testimony.  Fed. R. Civ. P. 26 (e)(1).  Any supplemental information must be disclosed "at least 30 days before trial" unless the Court orders otherwise.  *See* Fed. R. Civ. P. 26(a)(3) and 26 (e)(2).

The Court has not set a deadline for the party's Rule 26(a)(3) pretrial disclosures in this case.  The Court, however, has set a jury trial in this matter on January 12, 2015.  *See* (Doc. 94).  Therefore, Plaintiffs' deadline for supplementing Allen's expert report is December 14, 2014, thirty days before trial.  Allen's affidavit was filed before December 14, 2014.  Consequently, the Court will not strike Allen's affidavit as an improper supplementation of his Rule 26 expert report or deposition testimony insofar as the affidavit explains or clarifies the opinions that he has already offered.

Many of Allen's opinions in his affidavit, however, concern Defendants' Motion to Exclude and neither explain nor clarify his opinions in his expert report or deposition.  *See, e.g.,* ¶ 14 ("The defense counsel's argument beginning on page 10 of their motion about Mr. Sateren not passing Ms. Asbury's car is inaccurate.").  Allen's opinions on Defendants' Motion to Exclude, therefore, improperly supplement his expert report.  *See Carter v. Finely Hospital*, 2003 WL 22232844, *2 (N.D.Ill.) ("It is disingenuous to argue that the duty to supplement under Rule 26(e)(1) can be used as a vehicle to disclose entirely new expert opinion.").  Hence, the Court strikes Allen's opinions regarding Defendants' Motion to Exclude.  *See* ¶¶ 10, 14, 16, 17, 18, 23, 24, 27, 28, 29, 33, 34, 36, 37, 38, 40.

*2. Whether Allen's affidavit contains other improper statements and opinions*

Although Allen may supplement his expert report by filing an affidavit, his affidavit must still meet certain criteria. "A supporting or opposing affidavit must [1] be made on personal knowledge, [2] set out facts that would be admissible in evidence, and [3] show that the affiant is

competent to testify to the matters stated." Fed. R. Civ. P. 56(e)(1). An affidavit that fails to meet any of those three requirements is subject to a motion to strike, or "the Court may also enforce the rule by disregarding portions of the affidavit it finds insufficient." *City of Shawnee v. Argonaut Ins. Co.*, 546 F. Supp. 2d 1163, 1177 (D. Kan. 2008) (citation omitted).

Defendants correctly argue that Allen's affidavit sets out numerous opinions that would not be admissible in evidence, including legal conclusions, speculative opinions, and opinions that are outside his scope of expertise. The Court will strike these opinions from Allen's affidavit, as further described below. Any part of Allen's affidavit that the Court does not strike will be considered for purposes of ruling on Defendants' Motion to Exclude.

First, Allen makes several improper legal conclusions throughout his affidavit. *See, e.g.,* ¶ 10 ("[M]y opinion is that MNT fell far short of the industry standards for training and supervising truck drivers to make sure they are safe and prepared for driving in adverse circumstances. It is those failures that are specified throughout my report and my deposition that led to my conclusion that MNT should bear responsibility for the crash."). Expert witnesses are not permitted to make legal conclusions. *See Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998) ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." (citation omitted)). The Court strikes all legal conclusions from Allen's affidavit. *See* ¶¶ 10, 11, 14, 23, 24, 26, 28, 29, 30, 31, 32, 36, 39.

Second, Allen makes speculative opinions in his affidavit. *See e.g.,* ¶ 25 ("Mr. Sateren's truck approached Ms. Asbury's car from behind in the same lane at a crazy high rate of speed for icy conditions, may have frightened Ms. Asbury. That alone could have led to her losing control of her car."). Experts may not speculate. *See Goebel v. Denver & Rio Grande W. R.R. Co.*, 215

F.3d 1083, 1088 (10th Cir. 2000) ("It is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate."). The Court, therefore, strikes any speculative opinions from Allen's affidavit. *See* ¶¶ 25, 28, 31.

Finally, Allen's affidavit contains several statements opining on legal issues concerning his Rule 26 expert report and expert opinions. *See e.g.*, ¶ 37 ("It seems to me that it would be very helpful for the jury to hear that rule."); ¶ 38 ("I have not speculated in my report and I do not intend to make any speculations."). Defendants correctly note that Allen is not an attorney and is not competent to testify about legal issues. *See* Fed. R. Civ. P. 56(e)(1) ("affidavit must … show that the affiant is competent to testify to the matters stated."). The Court, therefore, strikes Allen's opinions on legal issues contained in his affidavit. *See* ¶¶ 17, 29, 37, 38, 39, 40.

IT IS, THEREFORE, ORDERED that Defendants' Motion to Strike (Doc. 67) is granted, in part, in that the Court strikes from Allen's affidavit those portions of paragraphs 10, 11, 14, 16, 17, 18, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, and 40 which contain impermissible opinions, as described above.

_____
UNITED STATES DISTRICT JUDGE