IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOAN ASBURY and RUSSELL ASBURY,

       Plaintiffs,

vs.                                                 Civ. No. 12-252 KG/RHS

MNT, INC. and DEAN SATEREN,

       Defendants.

MEMORANDUM OPINION AND ORDER

On November 11, 2013, Defendants filed a Motion to Clarify that Punitive Damages are not Alleged or at Issue in this Case.  (Doc. 83).  Plaintiffs filed a response and Defendants filed a reply.  (Docs. 84 and 85).  Having reviewed the Motion to Clarify, Plaintiffs' response, and Defendants' reply, the Court grants the Motion to Clarify for the following reasons.

*A. Background*

    *1.  The Lawsuit*

This is a personal injury case based on federal diversity jurisdiction.  This case arises from a vehicular accident involving a tractor trailer driven by Defendant Dean Sateren and owned by Defendant MNT, Inc.  Plaintiffs contend that Defendant Sateren caused Plaintiff Joan Asbury to lose control of her sedan and that he crashed the tractor trailer into the sedan. In the Complaint to Recover Damages for Personal Injury (Jury Trial Demanded), Plaintiffs allege that Plaintiff Joan Asbury suffered serious injuries as a result of the collision.  (Doc. 1).  Plaintiffs are suing Defendants for negligence; negligence *per se*; and for safety violations, negligent operations, and aiding and abetting.  Plaintiffs do not allege in the Complaint that Defendants acted maliciously, willfully, recklessly, wantonly, fraudulently, or in bad faith.  In the Complaint,

Plaintiff Joan Asbury seeks past and future medical expenses as well as damages for "pain, suffering, emotional distress, and reduced enjoyment of life and the curtailment of her social and physical activities, and her ability to interact socially."  (Doc. 1) at ¶¶ 25, 43.  Plaintiff Russell Asbury, Plaintiff Joan Asbury's husband, seeks present and future damages for "emotional distress due to the loss of or interference with the society, companionship, and sexual relations resulting from the injury to his wife, Joan Asbury, and for the loss of services."  *Id*. at ¶¶ 26, 44.

On June 22, 2012, the parties filed a Joint Status Report in which Plaintiffs "contend that the defendants negligently operated a motor vehicle."  (Doc. 11) at 2.  Nowhere in the Joint Status Report do Plaintiffs allege that Defendants acted maliciously, willfully, recklessly, wantonly, fraudulently, or in bad faith.  Additionally, Plaintiffs do not state that they are seeking punitive damages.  Indeed, Plaintiffs indicate that may file a motion to amend their complaint to add punitive damages, which Plaintiffs did not do.  *See Id.* at 1.

On June 28, 2012, Plaintiffs made Rule 26 Initial Disclosures and, on July 11, 2012, Plaintiffs filed a First Supplemental Rule 26 Disclosure.  *See* (Docs. 15 and 18).  In the Initial Disclosures, Plaintiffs do not list punitive damages under the heading, "Computation of damages," and, likewise, do not mention punitive damages in the First Supplemental Rule 26 Disclosure.  *See* (Docs. 83-1 and 83-2).  Additionally, in Plaintiff Joan Asbury's Answers to Defendant Sateren's First Set of Interrogatories, Plaintiffs do not raise the issue of punitive damages when asked to "describe the non-healthcare and non-medical damages that you have incurred or which have been incurred in your behalf or which you contend will be incurred as a result of the accident."  (Doc. 83-4) at 2.

On March 28, 2013, the parties submitted a Pretrial Order. (Doc. 74).  Under Section II. D., which sets out the affirmative relief Plaintiffs seek, Plaintiffs state that they request monetary

compensation for physical and emotional injuries from the automobile accident, lost income, medical and non-medical expenses, pain and suffering, and loss of consortium.  Plaintiffs do not state that they request punitive damages.  *Id.* at 2-3.  Under Section III. A., which sets out Plaintiffs' claims, Plaintiffs state numerous times that Defendants acted negligently and that Defendants' negligence lead to the automobile accident.  Plaintiffs do not allege that Defendants acted maliciously, willfully, recklessly, wantonly, fraudulently, or in bad faith.  *Id.* at 2-3. Additionally, under the same section, Plaintiffs describe the damages they allegedly incurred: pain and suffering, medical expenses, lost income, and loss of consortium.  *Id.* at 3. Plaintiffs do not mention punitive damages.  Section IV, which sets out Plaintiffs' contested issues of material fact, contains no purported facts which, if proven, would provide that Defendants acted maliciously, willfully, recklessly, wantonly, fraudulently, or in bad faith.  Rather, Plaintiffs repeatedly state that Defendants acted negligently and that Defendants' negligence caused Plaintiffs' damages.  *Id.* at 9-10.  Under Section IV, setting out Plaintiffs' factual contentions underlying their claims, Plaintiffs include the following two issues: "c) Whether defendant MNT's rule violations and defendant Sateren's driving were <u>reckless</u>.  d) Whether defendants <u>willfully, wantonly and recklessly</u> disregarded the safety of others."  *Id.* at 12.  (emphasis added).

     2.  *Defendants' Motion to Clarify*

     Based on the Section IV of the Pretrial Order, Defendants contend that Plaintiffs' wording of the factual contentions indicates that Plaintiffs may now be seeking punitive damages.  Defendants request that the Court clarify that punitive damages are not at issue in this case and that the Court will not allow any evidence, argument, and instruction to the jury on the issue of punitive damages.  Defendants argue that Plaintiffs should be barred from raising the issue of punitive damages because Plaintiffs do not allege punitive damages in their Complaint,

Rule 26 Disclosures, discovery responses, the Joint Status Report, or anywhere else in the

Pretrial Order.  Defendants further contend that they would be prejudiced if Plaintiffs are

allowed to pursue punitive damages at this late juncture in the litigation.

Plaintiffs respond primarily by arguing that (1) Defendants' Motion to Clarify is actually

a motion for summary judgment and should, but does not, comply with Fed. R. Civ. P 56; (2)

punitive damages "are allowed as a matter of right when, based on the evidence, the conduct of a

defendant is willful, wanton or grossly negligent;" (3) punitive damages are "not a new theory of

the case" and are "an element of damages to be considered when justified by the evidence of

shown at trial;" (4) there is currently no deadline for motions to amend; (5) they did not find out

until "late in discovery" that they had a possible basis to claim punitive damages; and (6) there

will be no prejudice to Defendants if punitive damages are allowed at trial.  Although Plaintiffs

argue that there is no deadline for motions to amend, they do not request leave to amend their

Complaint.

*III. Discussion*

 "When an issue is set forth in the pretrial order, it is not necessary to amend previously

filed pleadings" because "the pretrial order is the controlling document for trial."  *Wilson v.

Muckala*, 303 F.3d 1207, 1215-16 (10th Cir. 2002) (citation omitted).  Claims, issues, defenses,

or theories of damages in the pretrial order "[are] deemed to amend any previous pleadings

which did not include that claim."  *Id.*  The Tenth Circuit Court of Appeals has, however, stated

that, "we do not normally expect to see claims or defenses not contained in the pleadings

appearing for the first time in the pretrial order, especially in such cursory form."  *Id.*  "Such a

practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for

motion practice, and is subject to abuse by those who employ a sporting theory of justice." *Id.* at 216. The Tenth Circuit further explained that,

> [s]hould a new claim or defense appear for the first time in the pretrial order, it is incumbent upon opposing counsel to meticulously examine the order, taking exception, if necessary, to the additions, and recording their objection in the pretrial order. Meanwhile, the party seeking to add a claim or defense should do so with specificity and clarity so as to minimize the ill effects of that practice. Specificity and clarity provide the trial court with a fair opportunity to consider whether to approve or deny what is obviously an attempt to amend the pleadings at a rather late date. Fed. R. Civ. Pro. 15(a).

*Id.* (emphasis added).

At issue in Defendants' Motion to Clarify is whether Plaintiffs have properly pled punitive damages. In New Mexico, punitive damages "are not a stand-alone claim. Requesting punitive damages is not a separate cause of action that should be set out separately in the Complaint." *Salazar v. City of Albuquerque*, 776 F. Supp. 2d 1217, 1251 (D.N.M. 2011) (quotations omitted). To be liable for punitive damages, a plaintiff must allege and prove that "a defendant's conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith." *See Vigil v. Burlington N. & Santa Fe Ry. Co.*, 521 F. Supp. 2d 1185, 1221 (D.N.M. 2007); UJI 13– 1827 NMRA; *see also Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1200 (10th Cir. 2012) ("In diversity cases, state law governs the substantive elements upon which a punitive damage award may be based.").

Plaintiffs do not allege facts in their Complaint, the Joint Status Report, or the Pretrial Order that, if proven, would give rise to punitive damages, *i.e.*, that Defendants acted maliciously, willfully, recklessly, wantonly, fraudulently, or in bad faith. Plaintiffs, for the first time in the Pretrial Order, mention only once in a conclusory manner that they intend to prove that Defendants acted "willfully, wantonly and recklessly." Although Defendants did not take exception to this language in the Pretrial Order, the Court finds that Plaintiffs do not specifically

and clearly indicate in the Pretrial Order that they are intending to bring a punitive damages claim against Defendants for acting willfully, wantonly and recklessly.  Regardless of whether Plaintiffs found out "late in discovery" that they had a potential claim against Defendants for willful, wanton, and reckless behavior, or whether Defendants would not be prejudiced by such a claim, Plaintiffs have not pled enough facts to provide Defendants with fair notice, the possibility of discovery, and the opportunity for motion practice.  Notably, Plaintiffs have not filed a motion to amend the Complaint to add a punitive damages claim.  The Court, therefore, denies any implicit attempt by Plaintiffs to bring an additional punitive damages claim against Defendants for alleged willful, wanton and reckless behavior.[1]  As such, Plaintiffs are precluded from seeking punitive damages at trial.  This conclusion is reinforced by the absence of any mention of "punitive damages" in Plaintiffs' Complaint, the Joint Status Report, Plaintiffs' Rule 26 disclosures, Plaintiffs' discovery responses, and the Pretrial Order.

IT IS ORDERED that

1. Defendants' Motion to Clarify (Doc. 83) is granted; and

2. Plaintiffs are not allowed to present any evidence, argument, or instruction to the jury on the issue of punitive damages.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Because Plaintiffs have not pled facts that would give rise to a claim for punitive damages, the Court rejects Plaintiffs' argument that Defendants' Motion to Clarify is actually a motion for summary judgment.  *See* Fed. R. Civ. P. 56 (party may move for summary judgment on "claim or defense").